STATE OF MINNESOTA *vs.* ALBERT R. RUHNKE.

November 9, 1880.

| 27 | 309 |
| 83 | 433 |
| 27 | 309 |
| 86 | 436 |

Indictment for Selling Mortgaged Chattels with Intent to Defraud.—The intent to defraud mentioned in Gen. St. 1878, *c.* 39, § 14, is an intent to defraud the mortgagee therein named. Such intent is an essential ingredient of the offence defined by that section, so that an indictment under it, alleging no intent to defraud except one to defraud some other person than the mortgagee, is fatally defective. Such defect is not reached by Gen. St. 1878, *c.* 96, § 10, or by *c.* 108, § 8.

The defendant was tried and convicted in the district court for Scott county, *Macdonald*, J., presiding, on the following indictment: "Albert R. Ruhnke is accused by the grand jury of the county of Scott and state of Minnesota, by this indictment, of the crime of having fraudulently sold and transferred mortgaged personal property with intent to defraud, committed as follows, to wit: That on the 31st day of October, A. D. 1879, the above-named Albert R. Ruhnke did, in the city of Rochester, in the state of Minnesota, convey by mortgage unto one M. W. Cook the following personal property, to wit, one bay mare, eight years old, then and there being, which said mortgage was then and there and all the time thereafter until the 20th day of January, 1880, a lien upon said personal property, the said bay mare aforesaid. That thereafter, at Blakely, in the county of Scott and state of Minnesota, on the 12th day of January, 1880, and while the said mortgage was so a lien upon said personal property, the said bay mare aforesaid, the said Albert R. Ruhnke did wilfully, maliciously, and with intent to defraud one Michael O'Neil,

sell and transfer to said Michael O'Neil the said bay mare aforesaid, then and there of the value of $125, without the written consent of the said M. W. Cook, the mortgagee of said personal property, to so sell and transfer the said bay mare aforesaid: contrary to the statute," etc. A motion in arrest of judgment was denied and sentence was passed on the defendant, from which judgment he appeals.

*Thomas F. Taylor*, for appellant.

*Chas. M. Start*, Attorney General, for the State.

BERRY, J. Gen. St. 1878, *c.* 39, § 14, is: "That if any person, having conveyed any article of personal property by mortgage, shall, during the existence of the lien or title created by such mortgage, sell, transfer, conceal, take, drive or carry away, or in any way or manner dispose of said property or any part thereof, with intent to defraud, or cause or suffer the same to be done without the written consent of the mortgagee of said property, he shall be deemed guilty of misdemeanor, and shall be liable to indictment," etc. No construction of this section is entirely free from difficulty; but that which presents the least difficulty, and, therefore, appears to us most reasonable, makes the words "the same" include both the acts and intent before mentioned. With this construction the section reads that if any person shall do the acts mentioned with intent to defraud, or shall cause or suffer such acts to be done with like intent, without the written consent of the mortgagee in doing the acts, or causing or suffering them to be done, as the case may be, he shall be deemed guilty, etc. If we are right, it follows that the intent to defraud mentioned must be an intent to defraud the mortgagee. If an intent to defraud any other person were meant, it is inconceivable that its criminality should be made to depend upon the consent of a person not injuriously affected by it. Whether an assignee of the mortgagee would not be a mortgagee within the meaning of the statute is a question not presented by this case.

The view which we take of the section under consideration

is in harmony with what is generally understood to have been the purpose of its enactment; namely, the protection of chattel mortgagees. In the case at bar the only intent to defraud alleged in the indictment is an intent to defraud, not the mortgagee or any assignee of him, but one O'Neil, to whom the mortgagor is alleged to have sold the mortgaged property. From what we have before said it is evident that, the intent to defraud the mortgagee being an indispensable ingredient of the offence, the indictment is fatally defective. O'Neil's name cannot be rejected or disregarded as surplusage, for it is descriptive of the identity of an essential element of the offence. 1 Greenl. Ev. § 65. The intent charged is an intent to defraud O'Neil and no other person.

The attorney general cites Gen. St. 1878, c. 96, § 10, and c. 108, § 8. Section 10 enacts that "in any case where the intent to defraud is necessary to constitute the offence of forgery, or any other offence that may be prosecuted, it shall be sufficient to allege in the indictment an intent to defraud, without naming therein the particular person or body corporate intended to be defrauded." ·

We are not called upon to consider what would have been the effect of this section, if this indictment had simply alleged an intent to defraud. This indictment has gone further, and described the offence by naming the person defrauded, and for this it is bad for reasons before assigned. Section 8, chapter 108, provides that "when the offence involves the commission of, or an attempt to commit, a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material." This section is not applicable to this indictment. The allegation as to O'Neil does not appear to be erroneous. On the contrary, it appears, from the evidence, to be true. The defect of the indictment is not an erroneous allegation as to the person injured, but a total want of any other allegation of an intent to defraud, except that of an intent to defraud O'Neil.

The intent to defraud the mortgagee is an essential ingredient of the offence. Without such intent there is no criminal act, so that, without its allegation, no criminal offence is described with sufficient certainty to identify it. If the case of *State* v. *Boylson*, 3 Minn. 325 (438,) is against this view of section 8, we can only say that, in our opinion, it cannot be sustained.

Judgment reversed.