## State of Nebraska v. William Hughes.

Filed November 21, 1893. No. 4981.

1. **Indictment and Information:** Unlawful Sale of Mortgaged Property. In an indictment for selling or transferring mortgaged personal property, it is necessary to allege the name of the person or corporation to whom such sale or transfer was made.

2. ——: ——. It is not sufficient in such an indictment to allege that the sale was made without the consent of the mortgagee, naming him. To constitute the offense, the sale of the property must have been made by the mortgagor during the existence of the mortgage lien, without the written consent of the owner and holder of the debt secured by the mortgage, and the indictment must so charge.

Exceptions to the decision of the district court for Gage county, Appelget, J., presiding. Filed by leave of the supreme court under the provisions of section 515 of the Criminal Code.

*Alfred Hazlett, County Attorney,* for the state.

*A. Hardy* and *Rickards & Prout, contra.*

Norval, J.

At the March term, 1891, of the district court of Gage county, the grand jury in and for said county returned into court an indictment charging the defendant with selling chattel mortgage property. The indictment, omitting the formal parts, alleges "that one William Hughes, late of the county aforesaid, on the 28th day of May, in the year of our Lord one thousand eight hundred and ninety, in the county of Gage and state of Nebraska, aforesaid, in due form of law did mortgage to W. J. Harris, Louis Werner, and Ebright the following personal property, to-wit: * * That afterwards, on, to-wit, the first day of Septem--

ber, 1890, in said county of Gage, and during the existence of the lien of said mortgage, said William Hughes, then and there being, unlawfully, fraudulently, and feloniously did sell, transfer, and dispose of a part of the said personal property described in said mortgage, to-wit, all of said oats and all of said millet; and the said William Hughes, then and there being, on, to-wit, the 15th day of November, 1890, in said county of Gage, and during the existence of the lien of said mortgage, did unlawfully, fraudulently, and feloniously sell, transfer, and dispose of a portion of said personal property, described in said mortgage, to-wit, about twenty-five bushels of corn, all of said sales, transfers, and disposals being without first procuring the consent of said W. J. Harris, Louis Werner, and Ebright, mortgagees, or either of said mortgagees; contrary to the form of the statute," etc.

On the trial the defendant, after the introduction of some testimony, objected to the reception of any further testimony in the case, on the ground that the indictment does not state facts sufficient to constitute a crime, which objection was sustained; and thereupon the court instructed the jury "that there is not sufficient evidence in this case to sustain a conviction. You will therefore find the defendant not guilty; that the introduction of the mortgage in controversy shows that there can be no offense under the laws of this state, before the mortgagees have been in some way injured by its breach." The jury returned a verdict of not guilty, and the defendant was discharged. The county attorney excepted to the decision of the district court, and he has brought the cause to this court under the provisions of section 515 of the Criminal Code, to settle the law.

This prosecution was brought under section 315 of the Consolidated Statutes, which declares "That any person who, after having conveyed any article of personal property to another by mortgage, shall, during the existence of the lien or title created by such mortgage, sell, transfer, or in

any manner dispose of the said personal property, or any part thereof, so mortgaged, to any person or body corporate, without first procuring the consent, in writing, of the owner and holder of the debt secured by said mortgage to any such sale, transfer, or disposal, shall be deemed guilty of a felony, and, upon conviction thereof, shall be fined in any sum not less than one hundred dollars, or imprisoned in the penitentiary for a term not less than one year nor more than ten years, or both fine and imprisonment, at the discretion of the court."

Complaint is made in the brief of the county attorney to the last portion of the court's charge to the jury. Whether, in a prosecution under the above section, it is necessary for the state, in order to make out its case, to establish that the mortgagee has been injured by the sale and disposal of the mortgaged property, it is unnecessary to decide in this case, for, if the charge erroneously stated the law upon that question, it was error without prejudice to the state, unless the indictment charges an offense. But the indictment is fatally defective in at least two important particulars. It fails to allege to whom the sale, transfer, or disposal of the mortgaged property was made. The statute reads: "Sell, transfer, or in any manner dispose of said personal property, or any part thereof, so mortgaged, to any person or body corporate." In a prosecution for violation of the section under consideration it is necessary to aver in the information or indictment the name of the person or corporation to whom the sale or transfer of the property was made, and the same must be proved as alleged. (*State v. Ruhnke*, 27 Minn., 309 ; Maxwell, Criminal Procedure, 496, note 1.) Again, the indictment fails to allege that the sale, transfer, or disposal of the property was made by the defendant without the consent of the owner and holder of the debt secured by the mortgage, and for this reason no crime was stated. The indictment charges, in substance, that the mortgagees, or either of them, did not consent to

the sale.    This was not sufficient.    To constitute an offense the transfer or sale must be without the written consent of the owner and holder of the debt secured by the mortgage. It is nowhere stated in the indictment that the mortgagees, or either of them, at the time the sales or transfers were made, owned the debt for which the mortgage was given to secure.    An indictment should charge explicitly all that is necessary to constitute the crime.    It cannot be aided by intendments. (*Smith v. State*, 21 Neb., 552.)    The indictment fails to negative the innocence of the defendant.    For the reasons stated, the indictment fails to charge an offense, and the exceptions to the decision of the district court are .overruled.

EXCEPTIONS OVERRULED.