STATE v. JAMES BLAKELEY.[1]

June 7, 1901.

Nos. 12,609—(14).

#### Indictment—Name of Witness—Variance.

>    In an indictment for grand larceny, the prosecuting witness was described as "Tony Barrom." At the trial he was called as a witness by the state under the name of "Tony Baron," to which he responded, and was examined in chief. Upon cross-examination he stated his name to be Tony Baron, but, when asked his baptismal name, he spelled it "Antonio Barone." *Held*, upon a motion in arrest of judgment, it did not conclusively appear that there was a fatal variance.

Defendant was indicted in the district court for Ramsey county for grand larceny in the first degree. The case was tried before Kelly, J., and a jury, which rendered a verdict of guilty in the second degree. From a judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Richard D. O'Brien*, for appellant.

*Thos. R. Kane*, County Attorney, for the State.

LEWIS, J.

The defendant was indicted of the crime of grand larceny in the first degree. The crime consisted in unlawfully, feloniously, and in the nighttime stealing and carrying away from the person of Tony Barrom $240, his personal property. At the close of the state's case defendant rested without the introduction of any testimony, and requested the court to instruct the jury to return a verdict in favor of defendant, upon the ground of variance between the name of the prosecuting witness and the person alleged in the indictment as the owner of the property, whose true name appeared in the evidence to be "Antonio Barone." The court refused the request, and the cause was submitted to the jury, who returned a verdict of guilty of grand larceny in the second degree. Thereupon defendant moved in arrest of judgment, and the motion was denied. Appeal comes to this court from the judgment entered on the verdict.

[1] Reported in 86 N. W. 419.

The only question before us is whether or not it conclusively appears from the evidence that the man from whom the money was taken was the same person described in the indictment. The record shows that the prosecuting witness was called and sworn on behalf of the state under the name of "Tony Barrom," and that he answered to that name; that he was thirty-seven years of age, an Italian by birth, and a laborer; that he had been in this country about thirteen years, but spoke the English language brokenly. Upon the cross-examination, defendant's counsel called the witness by the name of "Baron," and to the question, "Now, what is your name?" he replied, "Tony Baron." In answer to a request for his baptismal name, he gave it as Antonio Barone, and spelled it, "Antonio Barone." This is all the record shows with reference to his name.

The state relies mainly upon G. S. 1894, § 7245, which reads as follows:

"When the offense involves the commission of, or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material."

We are of the opinion that this section is not applicable in a case of this kind, but, since there is some uncertainty as to how it has been regarded by this court in former decisions, an examination of them seems necessary. The first instance in which this statute was reviewed is in the case of State v. Boylson, 3 Minn. 325 (438). In that case a person was indicted for an assault with intent to kill M., but from the evidence it appeared doubtful whether the assault was upon M. or T. The court charged the jury to the effect that, if they believed the defendant committed the assault upon either M. or T., they might convict. It was held by this court that the section referred to had no application to that case, and that decision rests upon the principle that the offense would not be described without setting out the name of the person upon whom the assault was committed; that is, the name of the injured person was a necessary part in defining the offense. This case is referred to, and doubted, in State v. Ruhnke,

27 Minn. 309, 7 N. W. 264; but there is nothing conflicting in the two cases. In the latter case the court had under consideration G. S. 1878, c. 39, § 14 (See G. S. 1894, § 4142), and held that the fraud described in that section referred to the mortgagee. In such a case the person against whom fraud was perpetrated must, of course, be described in the indictment; therefore the above referred to section would have no application thereto. This section is also referred to in State v. Grimes, 50 Minn. 123, 52 N. W. 275. The defendant in this case was indicted for burning an unused barn. It was alleged that the barn was owned by, and in the possession of, A.,—whereas the proof showed it to be owned by A., but in possession of A.'s husband, and it was held that there was no material variance between the indictment and the proof. And the court expressly refers to the above-noted section, and adopts it as authority for the decision.

But a distinction is to be made between the offense described in State v. Grimes, supra, and the offense set forth in the indictment in the case now under consideration. In the former case the essence of the offense was the burning of the barn, and, as descriptive of the barn, ownership and possession were alleged. Possession and ownership were not necessary to a description of the crime charged, and consequently, in that instance, the variance was immaterial. In a case of larceny, however, the crime itself is defined by the statute as the taking of property from the true owner thereof with intent to deprive or defraud him of it, and grand larceny in the first degree is such taking from the person of another in the nighttime. The state has so described the offense in this indictment. It was the taking of personal property belonging to Tony Barrom from him in the nighttime. It follows that the name of the person whose property it was, and from whom it was taken, is a necessary part of the description of the offense. Had it appeared from the evidence that the property belonged to some other individual, or was taken from some one other than the person described in the indictment, there would have been a clear failure of proof, and a fatal variance, because there would have been proof of an offense other than the one described in the indict-

ment, and, under well-recognized principles of criminal law, a defendant must be apprised of the crime with which he is charged. We therefore reach the conclusion that the statute referred to by the state is not intended to cover this class of cases.

But it is by no means conclusively shown that the witness in this case, who testified and gave his name as "Tony Baron," was not the same person described in the indictment as "Tony Barrom." When called by the name of "Tony Baron," he responded to it. The only difference between the two names is in the last syllable, and the sound of the final letters "m" and "n" is so similar that one might very easily be taken for the other. His baptismal name is not decisive of the question. The spelling and pronunciation of a person's name may vary in different localities, and with different individuals, especially of foreigners, whose native names are not readily adjusted to the English language. In this respect the case is similar to that of State v. Johnson, 26 Minn. 316, 3 N. W. 982, where a prosecuting witness was described in the indictment by the name of "Mary Kurkwiski," and upon the trial it was found that her name was pronounced as if spelled "Kurkowski." With reference thereto the court said that judicial notice could not be taken of the orthography or proper pronunciation of names in a foreign language. To this effect, see also Johnson v. State, 46 Ga. 269, and Gahan v. People, 58 Ill. 160. We conclude, from the fact that the prosecuting witness was commonly known as "Tony," and answered to the name of "Tony Baron," that such name was so similar to "Tony Barrom" as to be easily mistaken for it, and was sufficient to sustain a finding that they were indicative of the same person.

Judgment affirmed.