STATE OF NEBRASKA V. RUDOLPH STAPEL.

FILED FEBRUARY 1, 1919.   No. 20729.

1. **Criminal Statutes:** CONSTRUCTION.   Criminal statutes must be strictly construed, but courts will not narrow their terms so as to give them a strained or unnatural construction, and, where the language is ambiguous, that sense will be adopted that best harmonizes with the context and with the apparent policy and object of the legislature.

2. **Chattel Mortgages:** SALE OF PROPERTY.   Section 534, Rev. St. 1913, construed, and *held* to apply to the sale or transfer of mortgaged chattels to a partnership.

ERROR to the district court for Saline county: RALPH D BROWN, JUDGE. *Exceptions sustained.*

*Charles F. Barth,* for plaintiff in error.

*Glenn N. Venrick, contra.*

MORRISSEY, C. J.

Section 534, Rev. St. 1913, makes it a felony for the mortgagor of personal property to sell or dispose of any part thereof "to any person or body corporate" without the written consent of the mortgagee. Defendant was charged with a violation of this statute. The state proved that he had, without the consent of the mortgagee, sold and transferred a mortgaged automobile to a partnership. The trial court held that a partnership was not a "person or body corporate," and dismissed defendant. The county attorney brings the case here for a review of this ruling.

It is apparent that the legislature intended by this statute to protect the interests of the mortgagee by guarding against any disposal of the property without the latter's consent. In the accomplishment of this purpose it would be immaterial to whom the sale or transfer was made.

Defendant argues that criminal statutes must be strictly construed. This is fundamental. But it is not proper to give them a strained or unnatural construction. They should be so construed as to give effect to the plain meaning of the words employed, and, where they are of doubtful meaning, the court should adopt the sense that best harmonizes with the context and the apparent policy and objects of the legislature.

Within the contemplation of the statute, the sale or transfer of the property was a sale or transfer to several persons jointly. It follows that the ruling of the trial court was erroneous.

EXCEPTIONS SUSTAINED.