STATE OF NEBRASKA, APPELLEE, v. ROBERT G. NICHOLSON, APPELLANT.

STATE OF NEBRASKA, APPELLEE, v. JIMMY D. MADDOX, APPELLANT.

164 N. W. 2d 652

Filed February 7, 1969. Nos. 36986, 36987.

William G. Blackburn and Donald L. Abraham, for appellants.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and COLWELL, District Judge.

NEWTON, J.

Appellants were convicted, on pleas of guilty, of robbery and assault with intent to rape. The present actions have been brought under the Post Conviction Act, but at least three habeas corpus actions have been heretofore filed and heard.

It is the present contention of appellants that their constitutional rights were violated because extradition proceedings were improper; the complaints, warrants, and informations were defective; and their guilty pleas were the result of coercion. They further complain that they were unlawfully denied an evidentiary hearing and the services of court-appointed counsel.

Regarding the constitutional issues raised, appellants have failed to cite any cases or other law to sustain their positions. It would appear that there are none. The proposition that a defective extradition proceeding entitles them to further consideration was specifically determined adversely to appellants in the cases of Maddox v. Sigler and Nicholson v. Sigler, 181 Neb. 690, 150 N. W. 2d 251. There is nothing in the Constitution of the United States or of the State of Nebraska which exempts an offender, unlawfully brought into this State, from trial and punishment for any offense against the laws of this State. See Jackson v. Olson, 146 Neb. 885, 22 N. W. 2d 124, 165 A. L. R. 932.

The complaints, warrants, and informations charged the offenses of robbery and assault with intent to rape.

substantially in statutory language. The challenge here is due to the failure to include the names of the victims. In the case of Nicholson v. Sigler and Maddox v. Sigler, *ante* p. 24, 157 N. W. 2d 872, this court specifically found this proposition to be without merit. A defect in the manner of charging an offense is waived by defendants' pleas to the general issue if the informations contain no jurisdictional defect and are sufficient to charge an offense under the law. See, Hunt v. State, 143 Neb. 871, 11 N. W. 2d 533; Smith v. State, 169 Neb. 199, 99 N. W. 2d 8. The informations here were sufficient to charge the offenses mentioned and did not contain any jurisdictional defects.

It is contended that appellants' guilty pleas were the result of coercion in that they were informed by law officers that they might face a more serious charge of kidnapping and that the local populace was so aroused that harm might result to appellants. The record discloses that appellants were informed by their own attorney that there was some local feeling against them. They had nevertheless been safely lodged in jail and the record does not disclose that any overt acts against them occurred or were threatened. A kidnapping charge was actually pending against them, but was evidently dropped as a result of "plea bargaining," a procedure which is not objectionable. See State v. Crenshaw, *ante* p. 449, 161 N. W. 2d 502. Appellants were represented by counsel, were advised that it was in their best interests to plead as they did, and the record discloses that their pleas were voluntarily made.

The contention that appellants were denied an evidentiary hearing is belied by the record which contains the depositions of both appellants and numerous other exhibits. In any event, the court records clearly disclosed that the contentions of appellants, as set forth in their motion to vacate the judgments entered, were without foundation. In a proceeding under the Post Conviction Act, if the trial court finds on examination

of its files and records that the proceeding is without foundation, an evidentiary hearing may properly be denied. See State v. Hizel, 181 Neb. 680, 150 N. W. 2d 217.

The failure of the court to provide court-appointed counsel in this post conviction proceeding is not error in the absence of an abuse of discretion. See State v. Hizel, *supra*. As above mentioned, it was apparent to the court that the contentions of appellants were without foundation and had been previously litigated. It is the duty of the public to provide counsel for destitute persons charged with criminal offenses, but abuse of this privilege should not be permitted. When such persons have once had their contentions fairly presented and litigated or it is obvious that the grounds urged for consideration are without merit in the eyes of the law, such obligation on the part of the public comes to an end. Furthermore, appellants have had the assistance of counsel throughout this proceeding and cannot have been prejudiced by the failure of the trial court to appoint counsel.

The judgments of the trial court are affirmed.

AFFIRMED.