STATE OF NEBRASKA, APPELLEE, V. RANDY R. WILEY, APPELLANT.
402 N.W.2d 311

Filed March 20, 1987.   No. 86-649.

Dennis R. Hurley and, on brief, John C. Kinney of Ryan & Scoville, for appellant.

Robert M. Spire, Attorney General, and Jill Gradwohl Schroeder, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from the district court for Dakota County. Appellant, Randy R. Wiley, pled guilty to one count of assault in the first degree in violation of Neb. Rev. Stat. § 28-308 (Reissue 1985) and was sentenced to 5 to 15 years at hard labor to the Nebraska Department of Correctional Services. The facts relevant to this appeal are as follows.

Wiley was arraigned on November 5, 1985, and at that time was advised that he was charged with one count of assault in the first degree pursuant to § 28-308, a Class III felony. The appellant was advised of his constitutional rights against self-incrimination, to a speedy and public trial by jury, to be informed of the nature of the charges against him and the possible penalties, to counsel, and to call witnesses in his favor. Wiley was informed of the nature of the charges against him and of the possible penalties. Several times the trial judge inquired as to whether Wiley understood the proceedings, to which Wiley responded in the affirmative. Wiley then entered a plea of not guilty, which was accepted by the court.

Although not in the record before us, Wiley alleges that at some point he was offered the opportunity to plead guilty to a

Class IV felony in return for having the charge of assault in the first degree dropped. Wiley refused to change his plea.

Appellant again appeared before the district court on June 23, 1986, for the purpose of changing his plea. Wiley appeared with counsel and was this time charged with attempted murder in the second degree in violation of Neb. Rev. Stat. § 28-201 (Reissue 1985), a Class II felony. The county attorney revealed the terms of the plea agreement which had been entered between the county attorney and Wiley. The terms of the agreement provided that Wiley would plead guilty to assault in the first degree, a Class III felony, and in return the State would drop the attempted murder charge and refrain from bringing a related charge of car theft. The county attorney agreed not to comment during sentencing. Wiley was advised of his constitutional rights to trial by jury, to confront witnesses against him, and against self-incrimination. Wiley was again advised of the possible penalties. Appellant stated throughout the proceedings that he understood and provided a factual basis for the plea. He stated that his attorney had explained to him the nature of the charges and the plea agreement. Appellant pled guilty, and his plea was accepted by the court.

His sole assignment of error contends that his guilty plea was not freely, voluntarily, or intelligently given. We affirm.

Upon a close review of the record we find that between the arraignment and the plea taking, Wiley was advised at least once of each of the rights which he must be informed of pursuant to our decisions in *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986), and *State v. Hoffman*, 224 Neb. 830, 401 N.W.2d 683 (1987). In *Irish, supra* at 820, 394 N.W.2d at 883, we stated:

> The rule to be distilled from the foregoing holdings, thus, is that in order to support a finding that a plea of guilty or nolo contendere has been entered freely, intelligently, voluntarily, and understandingly,
>
> 1. The court must
>
> a. inform the defendant concerning (1) the nature of the charge; (2) the right to assistance of counsel; (3) the right to confront witnesses against the defendant; (4) the right to a jury trial; and (5) the privilege against

self-incrimination; and

b. examine the defendant to determine that he or she understands the foregoing.

2. Additionally, the record must establish that

a. there is a factual basis for the plea; and

b. the defendant knew the range of penalties for the crime with which he or she is charged.

We conclude that the taking of the foregoing steps is sufficient to assure that a plea represents a voluntary and intelligent choice among the alternative courses of action open to a criminal defendant, the ultimate standard by which pleas of guilty or nolo contendere are to be tested. *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); *State v. Turner*, 186 Neb. 424, 183 N.W.2d 763 (1971).

The record establishes that the district court carefully explained to Wiley each of his rights and repeatedly inquired as to whether he understood the proceedings. Wiley had counsel and stated at each proceeding that his counsel had explained the nature of the charges. We find, therefore, that Wiley made a knowing, intelligent, and voluntary guilty plea. His assignment of error is without merit.

In his brief Wiley also argues that his district court counsel was ineffective. As he does not specifically assign ineffective assistance of counsel as error, we will not consider his argument at this time. Neb. Ct. R. of Prac. 9D(1)d (rev. 1986); *Klug v. Smith*, 223 Neb. 202, 388 N.W.2d 515 (1986).

AFFIRMED.