STATE OF NEBRASKA, APPELLEE, V. RANDY R. WILEY, APPELLANT.
423 N.W.2d 477

Filed May 20, 1988.   No. 87-607.

William L. Binkard, for appellant.

Robert M. Spire, Attorney General, and LeRoy W. Sievers, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

Randy R. Wiley, defendant herein, appeals from an order entered by the district court for Dakota County denying his request for postconviction relief. Wiley pled guilty to assault in the first degree, a Class III felony, in violation of Neb. Rev.

Stat. § 28-308 (Reissue 1985), and was sentenced to an indeterminate term of incarceration of not less than 5 nor more than 15 years. Wiley's conviction and sentence were affirmed on direct appeal. *State v. Wiley*, 225 Neb. 55, 402 N.W.2d 311 (1987).

On May 26, 1987, the district court held an evidentiary hearing on the defendant's motion to vacate and set aside judgment and sentence. At this time the court also considered defendant's motion for court-appointed counsel. After arguments were heard from Wiley and from the deputy county attorney for Dakota County, the court denied the defendant's motion for appointed counsel. The evidentiary hearing proceeded, with defendant Wiley representing himself.

The record indicates that Richard McCoy was the defendant's attorney at trial. McCoy filed a motion to withdraw after the case was concluded in district court. John C. Kinney was then appointed to represent Wiley on appeal. Kinney filed a brief with this court; however, before oral arguments were to be presented, Kinney withdrew from the case and was later disbarred. Dennis R. Hurley was then appointed to argue Wiley's appeal before this court. As noted in the opinion on direct appeal, the Kinney brief argued that Wiley's district court counsel was ineffective. Because ineffective assistance of counsel was not specifically assigned as error, this court did not consider the matter. *State v. Wiley, supra.*

Wiley contends, inter alia, that the district court erred in not appointing counsel to represent the defendant at the postconviction hearing. Under Neb. Rev. Stat. § 29-3004 (Reissue 1985), appointment of counsel to represent indigent defendants in postconviction proceedings is within the discretion of the district court. We have held that the failure of the court to provide court-appointed counsel in postconviction proceedings is not error in the absence of an abuse of discretion. *State v. Nicholson*, 183 Neb. 834, 164 N.W.2d 652 (1969). However, this court held in *State v. Pilgrim*, 184 Neb. 457, 168 N.W.2d 368 (1969), that where the record shows a justiciable issue of law or fact is presented to the court in a postconviction action, an indigent defendant is entitled to the appointment of counsel. The court in *Nicholson* determined that failure to

appoint counsel was not prejudicial, because the issues presented therein had been previously litigated.

In the instant case, the issue of ineffective assistance of trial counsel was not presented at trial and not properly presented on direct appeal. We believe that the defendant's petition presented a justiciable issue to the district court for postconviction determination, and we therefore hold that the district court abused its discretion in failing to appoint counsel to represent the defendant at the postconviction evidentiary hearing. The merits of the appellant's remaining assignments of error need not be considered at this time. The cause is reversed and remanded with directions to appoint counsel and hold a new evidentiary hearing on the motion to vacate and set aside judgment and sentence.

REVERSED AND REMANDED WITH DIRECTIONS.