STATE OF NEBRASKA, APPELLEE, V. RANDY R. WILEY, APPELLANT.
441 N.W.2d 629

Filed June 23, 1989. No. 88-689.

William L. Binkard for appellant.

Randy R. Wiley, pro se.

Robert M. Spire, Attorney General, and LeRoy W. Sievers for appellee.

BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

This case originated as a conviction for assault in the first degree. The appellant, Randy R. Wiley, was sentenced to 5 to 15 years' imprisonment. In his original trial, Wiley was represented by Richard McCoy; on direct appeal he was represented by John Kinney and Dennis Hurley. On direct appeal, the matter of ineffective assistance of trial counsel was discussed in the appellate brief, but because it was not properly assigned as error according to our court rules, we did not decide the issue. See *State v. Wiley*, 225 Neb. 55, 402 N.W.2d 311 (1987).

The appellant then filed a motion for postconviction relief, with the appellant appearing pro se. He requested, but was denied, representation of counsel at the postconviction relief proceeding. Subsequently, the motion for postconviction relief was overruled, and he filed an appeal with this court, which reversed the trial court and remanded for a new hearing on the issue of ineffective assistance of counsel. See *State v. Wiley*, 228 Neb. 608, 423 N.W.2d 477 (1988). That hearing was held, this time with the assistance of counsel, and the trial court overruled appellant's motion to vacate and set aside the judgment and sentence. This appeal followed.

Wiley contends that the trial court erred in not finding that he was denied effective assistance of counsel for two distinct reasons: first, because Wiley pled guilty to a more serious offense than was originally offered as a plea bargain by the prosecution, and second, because trial counsel had at the time of trial taken a judgment against the appellant which was not satisfied at the time the appellant pled guilty. Each of these assignments of error is without merit, and therefore we deny the appellant's request for postconviction relief.

In an evidentiary hearing for postconviction relief, the trial judge, as the trier of fact, resolves conflicts in evidence and questions of fact, including witness credibility and weight to be

given the testimony of a witness. The trial court's findings will be upheld unless the findings are clearly erroneous. *State v. Williams*, 224 Neb. 114, 396 N.W.2d 114 (1986). The appellant must establish that two criteria have been met before a challenge to the effectiveness of his counsel will be upheld.

> " ' "[T]o sustain a claim of ineffective assistance of counsel as a violation of the sixth amendment to the U.S. Constitution and thereby obtain reversal of a defendant's conviction, the defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defense, that is, a demonstration of reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different." . . .' "

*State v. Ditter, ante* p. 600, 606, 441 N.W.2d 622, 626 (1989).

Initially, the appellant contends that his counsel rendered ineffective assistance because Wiley pled guilty to a more serious offense than the plea bargain originally offered by the prosecution. Wiley contends it was his understanding that prior to a January 1986 meeting with his counsel, McCoy, the offer to plead guilty to a Class IV felony was no longer available, and he did not realize that the Class IV offer was open at any time subsequent to that date. The appellant argues that at the initial postconviction hearing the prosecutor stated that the offer of a Class IV felony plea settlement was still available on Friday, March 6, 1986. Because McCoy did not keep him advised that the Class IV felony was still open on March 6, Wiley feels that McCoy did not conscientiously represent the appellant as well as a lawyer with ordinary training and skill in the criminal law in the area and that if the representation he received had been effective, there is a reasonable probability that the result in his case would have been different.

In contrast, the record supports the court's finding that Wiley was not denied effective assistance of counsel because of failure to communicate a new offer of a plea bargain. Instead, in his testimony McCoy specifically recalled that on March 6, 1986, the offer of settlement for a Class IV felony was not open.

In an evidentiary hearing as a bench trial, provided by Neb.

Rev. Stat. §§ 29-3001 et seq. (Reissue 1985) for postconviction relief, the trial judge sitting as the trier of fact resolves conflicts in the evidence and questions of fact. In an appeal involving a proceeding for postconviction relief, the trial court's findings will be upheld unless clearly erroneous. *State v. Williams, supra.* In addition, this court has stated, "The burden to prove such ineffectiveness is upon the person challenging the competency of counsel. The record must affirmatively support a claim of ineffective assistance of counsel . . . ." *State v. Pearson*, 220 Neb. 183, 186, 368 N.W.2d 804, 807 (1985). The appellant has failed to meet this burden.

The trial court evidently believed the testimony of McCoy regarding the lack of a subsequent plea offer. As this finding is supported by the record, it is not clearly erroneous and will not be disturbed by this court on appeal.

In his second assignment of error, Wiley urges this court to adopt a per se rule finding an inherent conflict of interest exists when an attorney has an unsatisfied money judgment against an individual and undertakes to represent that individual in a criminal proceeding. This we decline to do.

Because we refuse to adopt any such per se rule, in order to establish the existence of a conflict of interest, the appellant is required to demonstrate that (1) counsel actively represented conflicting interests, and (2) an actual conflict adversely affected performance by the defendant's lawyer. Additionally, these conflicts of interest must be shown to have resulted in counsel's conduct detrimental to the defense. *State v. Anderson*, 229 Neb. 427, 427 N.W.2d 764 (1988).

The only conceivable conflict that the appellant could be referring to is the allegedly opposing interests of Wiley in receiving the best defense available, and the personal financial interest of his trial counsel in receiving the money owed him by the appellant. In that regard the only effect, if any, that the outstanding debt had upon the defense the appellant received is that his trial counsel would work as hard as possible to have the appellant acquitted of all charges. If the appellant were convicted and therefore unable to be out of jail earning money, the trial counsel would be assured of receiving no money from the appellant. Only by obtaining a favorable verdict for the

defense does the attorney have an opportunity to recoup the financial debt owed him by the appellant. Therefore, we see no evidence of any actual conflict of interest.

The judgment of the district court is affirmed.

AFFIRMED.

HASTINGS, C.J., participating on briefs.