STATE OF NEBRASKA, APPELLEE, V. STANLEY L. GRELL, APPELLANT.
444 N.W.2d 911

Filed September 1, 1989.   No. 88-667.

Paul M. Conley for appellant.

Robert M. Spire, Attorney General, and Yvonne E. Gates for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

The defendant, Stanley L. Grell, was convicted by a jury of theft by obtaining property of Iola Coatney by deception, such property having a value of $7,974. The defendant was sentenced to 5 years' probation. He has appealed and has assigned as error (1) the finding that the evidence was sufficient to sustain his conviction; (2) the failure to grant a new trial, sua sponte; (3) the failure to grant a mistrial upon the ground of ineffective assistance of trial counsel; and (4) his sentence to probation.

The record shows that in the fall of 1986, Iola Coatney, who was then approximately 64 years old, expressed an interest in

purchasing rest home insurance for herself and her husband, William E. Coatney. Mr. Coatney had been disabled by a stroke in 1980. The defendant, who was in the insurance business, telephoned Mrs. Coatney and arranged to meet with her at her home in Lincoln to discuss purchasing the insurance.

During a meeting with the defendant on October 10, 1986, Mrs. Coatney gave him two checks, one for $2,696 and one for $600, as a "down payment" on rest home insurance for both herself and her husband. On December 5, 1986, Mrs. Coatney gave the defendant another check, for $1,382, for her rest home insurance. On December 23, 1986, Mrs. Coatney gave the defendant a $3,296 check for rest home insurance for her husband. In each instance, the defendant told Mrs. Coatney to make the check payable to him. The December 23 check was issued because the defendant told Mrs. Coatney that he had held the two October checks (for $600 and $2,696) too long. In fact, the defendant cashed all of Mrs. Coatney's checks, and they were paid out of her checking account.

After Mr. Coatney was found to be uninsurable, the defendant issued a $3,296 refund check to Mrs. Coatney, drawn on his personal account. Payment of this check was refused. The defendant subsequently promised Mrs. Coatney that he would make monthly payments to her to cover the refund check, but no such payments were ever made. Mrs. Coatney testified that she believed that an insurance policy for her had been approved, but she never received an insurance policy, notwithstanding the defendant's assurances that delivery of her policy had been delayed.

The record further shows that the defendant had been instructed by his managing general agent that customers' checks should be made payable to the insurance company and submitted with a new business application to the managing general agent, who would then deposit the checks into the insurer's trust account, do underwriting on the application, and issue a commission check to the agent. The defendant was not supposed to take any money out of original premium checks. The record shows that the managing general agent did not receive an application or premium from the defendant or Iola Coatney.

The information alleged that on or between October 10, 1986, and December 23, 1986, the defendant "did obtain property of Iola Coatney, valued at more than $1,000, by deception, to-wit: did create or reinforce a false impression as to law, value, intention, or other state of mind."

Neb. Rev. Stat. § 28-512 (Reissue 1985) provides:

A person commits theft if he obtains property of another by deception. A person deceives if he intentionally:

(1) Creates or reinforces a false impression, including false impressions as to law, value, intention, or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise . . . .

Theft is a Class III felony when the value of the thing involved is over $1,000. Neb. Rev. Stat. § 28-518 (Reissue 1985).

In determining the sufficiency of the evidence to sustain a conviction, the Supreme Court does not resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the finder of fact, and the verdict of the jury must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Botts*, 232 Neb. 802, 442 N.W.2d 384 (1989).

The evidence of the State was sufficient, if believed, to show that between October 10 and December 23, 1986, the defendant engaged in a continuing scheme to obtain money from Iola Coatney by creating the false impression that she was purchasing insurance from him. The record supports the jury's finding that the defendant wrongfully obtained $7,974 from Mrs. Coatney over the alleged period of time. The offense described in § 28-512(1) may take place over a period of time.

The defendant complains that he should have been charged with four separate offenses instead of one offense involving four transactions and that it was plain error for the trial court "to submit the allegation of theft by deception aggregating all four transactions as one." Brief for appellant at 12-13. There was no prejudice to the defendant in charging him with but one

offense instead of four offenses for which he could have received separate sentences. The first assignment of error is without merit.

The second and third assignments of error relate to the defendant's contention that he received ineffective assistance of counsel at trial because his trial counsel failed to file a motion for a new trial, thus limiting the issues which might be presented to this court.

To sustain a claim of ineffective assistance of counsel, the defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defendant, that is, a demonstration of reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Wiley*, 232 Neb. 642, 441 N.W.2d 629 (1989); *State v. Ditter*, 232 Neb. 600, 441 N.W.2d 622 (1989). The defendant has failed to show how he was prejudiced in any way because of the failure to file a motion for new trial. The only alleged error of which he has complained, the insufficiency of the evidence to sustain the conviction, is without merit.

Furthermore, Neb. Rev. Stat. § 25-1912.01 (Reissue 1985) provides:

> (1) A motion for a new trial shall not be a prerequisite to obtaining appellate review of any issue upon which the ruling of the trial court appears in the record.
>
> (2) When an action has been tried before a jury a motion for a new trial shall not be a prerequisite to obtaining appellate review of the sufficiency of the evidence . . . .

In light of § 25-1912.01, the defendant was not prejudiced by his counsel's failure to file a motion for new trial.

Finally, the defendant claims that the probation he received was an excessive sentence.

The defendant is 44 years of age and has a college education. He was convicted of petit larceny in 1974 and of theft by unlawful taking in 1983. In 1985, three counts of theft by deception filed in Saline County were dismissed, apparently because the complaining witnesses desired to accept restitution from the defendant and avoid a trial. On April 19, 1988, two

counts of theft by deception were filed in Lancaster County. The presentence report does not show the disposition of these counts.

The offense of which the defendant was convicted is a Class III felony with a maximum penalty of 20 years' imprisonment, a $25,000 fine, or both, and a minimum penalty of 1 year's imprisonment. The defendant was sentenced to 5 years' probation, including 90 days in jail and payment of full restitution to Mrs. Coatney.

The record shows that the sentence of probation was imposed so that the defendant could make full restitution to Mrs. Coatney. A sentence of probation, as opposed to a sentence of imprisonment, is a matter within the discretion of the trial court and will not be set aside on appeal absent an abuse of discretion. See, *State v. Masur*, 230 Neb. 620, 432 N.W.2d 815 (1988); *State v. Last*, 212 Neb. 596, 324 N.W.2d 402 (1982). The sentence imposed was not excessive.

The judgment of the district court is affirmed.

AFFIRMED.