STATE OF NORTH CAROLINA v. SCOTT BRAUN

No. 7615SC339

(Filed 6 October 1976)

1. Criminal Law §§ 7, 121— entrapment — question for jury

In this prosecution for possession of marijuana with intent to sell and deliver, the State's evidence did not disclose entrapment as a matter of law but required submission of the entrapment question to the jury where it tended to show: an undercover agent, while defendant was a hitchhiking passenger, expressed the desire for marijuana; defendant said he could get it for him; the agent contacted defendant the following afternoon and took defendant to a rural home; and defendant returned with marijuana and sold it to the agent.

2. Criminal Law §§ 7, 121— entrapment — burden of proof

An instruction placing on defendant the burden of proving entrapment to the satisfaction of the jury does not contravene the decision of *Mullaney v. Wilbur*, 421 U.S. 684.

APPEAL by defendant from *Preston, Judge*. Judgment entered 22 January 1976 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 1 September 1976.

Defendant pled not guilty to the charge of possession of marijuana with intent to sell and deliver.

The State's evidence tended to show that the witness Ned Thorpe was employed by the Chapel Hill Police Department but was on special assignment as an undercover agent for the Burlington Police Department. About midnight on 14 January 1975 he picked up defendant, who was hitchhiking. As they rode to Burlington defendant said he was "high" from beer and

pills. Thorpe asked him if he had any pills; defendant replied that he did not but that he could get any amount of marijuana. Thorpe told defendant that he had to get home, but he would contact defendant the next afternoon. At Thorpe's request defendant wrote his phone number on a piece of paper and gave it to Thorpe. Next afternoon Thorpe phoned defendant, picked him up, and they drove to a house in the country. Defendant returned with a half-pound of marijuana and sold it to Thorpe for $85.00.

Defendant offered no evidence.

The jury returned a verdict of guilty as charged, and from judgment imposing imprisonment, defendant appealed.

*Attorney General Edmisten by Assistant Attorney General Ralf F. Haskell for the State.*

*Hemric & Hemric, P.A., by H. Clay Hemric, Jr., for defendant appellant.*

CLARK, Judge.

The defendant assigns as error (1) the denial of his motion for nonsuit on the ground that the defense of entrapment had been established as a matter of law by the State's evidence, and (2) that part of the trial judge's charge which placed on defendant the burden of proving entrapment to the satisfaction of the jury, contending that placing this burden on the defendant violates the federal due process clause, U. S. Const. amend. XIV, § 1.

For his first assignment, defendant relies on *State v. Stanley,* 288 N.C. 19, 215 S.E. 2d 589 (1975), where the Supreme Court for the first time held that the evidence established entrapment as a matter of law and ordered a dismissal of the indictment. The ruling was based on the State's uncontradicted evidence, though the defendant's evidence corroborated that of the State. The defense of entrapment had been presented to the jury by the trial court and rejected.

[1] *Sub judice,* the State's evidence was uncontradicted, the defendant having offered no evidence. This evidence tended to show that the undercover agent, while defendant was a hitch-hiking passenger, expressed the desire for marijuana; that defendant said he could get it for him; that the agent contacted

defendant the following afternoon and took defendant to a rural home; and that defendant returned with marijuana and sold it to the agent. The evidence and legitimate inferences arising therefrom were sufficient to require the submission of the entrapment question to the jury but not sufficient to show entrapment as a matter of law. The case before us is distinguishable from *State v. Stanley, supra,* where the evidence disclosed that the undercover agent, after ingratiating himself into the confidence and affection of the teen-age defendant over the course of several weeks, persuaded him to find and buy drugs. The trial court properly denied defendant's motion for judgment of nonsuit.

[2] For his second assignment of error the defendant relies on the recent decision in *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed. 2d 508 (1975), which held that due process requires the prosecution must prove beyond a reasonable doubt each essential element of the crime charged, and that in a homicide case the State must prove beyond a reasonable doubt the absence of heat of passion on sudden provocation when the issue is properly presented. In *State v. Hankerson,* 288 N.C. 632, 220 S.E. 2d 575 (1975), the Supreme Court of North Carolina extended the *Mullaney* rationale to the element of unlawfulness and the issue of self-defense and applied *Mullaney* to all trials in this State conducted on or after 9 June 1975.

Entrapment is the inducement of one to commit a crime not contemplated by him for the purpose of instituting a criminal prosecution against him. *State v. Stanley, supra.* Entrapment is an affirmative or positive defense. 21 Am. Jur. 2d Criminal Law § 143 (1965). It is, therefore, not an essential element of the crime charged, and is distinguishable from the absence of heat of passion on sudden provocation, which is an element of the crime of manslaughter.

The trial court charged the jury on the law of entrapment, and placed on the defendant the burden of proving his defense to the satisfaction of the jury. *State v. Cook,* 263 N.C. 730, 140 S.E. 2d 305 (1965) ; 2 Stansbury, N. C. Evidence § 214 (Brandis Rev. 1973). Though the question of entrapment was raised by the State's evidence, the burden of proving that defendant was not entrapped did not rest upon the State.

*Mullaney v. Wilbur, supra,* did not overrule, but may have cast some doubt on the vitality of, *Leland v. Oregon,* 343 U.S.

790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952), which held that a state could require a defendant to prove his insanity beyond a reasonable doubt. The Supreme Court of North Carolina has held that *Mullaney* has no application to the defense of insanity for which the burden is on the defendant to prove his insanity to the lesser standard of the satisfaction of the jury. *State v. Hammonds*, 290 N.C. 1, 224 S.E. 2d 595 (1976) ; *State v. Shepherd*, 288 N.C. 346, 218 S.E. 2d 176 (1975). See *Buzynski v. Oliver*, 45 U.S.L.W. 2062 (1st Cir. Jul. 14, 1976).

Both the defense of insanity and the defense of entrapment are affirmative defenses and are alike in that they go to the issue of culpability *vel non*, but the heat of passion issue treated in *Mullaney* goes only to the degree of culpability. The rationale of *State v. Shepherd, supra,* applies also to entrapment, and we find that *Mullaney* is not applicable to this defense. Defendant's assignment of error is overruled.

We have examined but find no merit in defendant's other assignments of error.

No error.

Judges MORRIS and VAUGHN concur.