STATE OF NORTH CAROLINA v. BRYAN BOARD

No. 7819SC239

(Filed 15 August 1978)

**1. Narcotics § 4.2— entrapment—sufficiency of evidence**

In a prosecution for possession and sale of MDA, evidence with respect to entrapment was properly submitted to the jury where the State's evidence tended to show that an undercover drug agent asked defendant if he knew where the agent could buy drugs but defendant's evidence tended to show that the agent persisted in asking defendant to get drugs for him.

**2. Criminal Law § 124.5— verdict—consistency not required**

It is not required that the jury's verdict be consistent; therefore, a verdict of guilty of a lesser degree of the crime when all the evidence points to the graver crime, although illogical and incongruous, or a verdict of guilty on one count and not guilty on the other, when the same act results in both offenses, will not be disturbed.

**3. Criminal Law § 102— jury argument—reading statute permitted—arguing facts of other cases not permitted**

The trial court did not err in allowing counsel for the State to read to the jury portions of G.S. 90-89 relating to Schedule I drugs and in refusing to allow defense counsel to read the evidence recited in certain court decisions to the jury, since counsel may read or state to the jury a statute or other rule of law relevant to the case, but counsel may not argue the facts of other cases to the jury.

**4. Criminal Law § 138.11— more severe punishment upon retrial—punishment justified**

The court upon retrial did not err in imposing a more severe sentence upon defendant than was imposed at his first trial since the judge upon retrial found that defendant had an intervening conviction of possession of marijuana, and such finding fully justified the more severe sentence imposed upon retrial.

APPEAL by defendant from *Collier, Judge.* Judgment entered 20 October 1977 in Superior Court, ROWAN County. Heard in the Court of Appeals 28 June 1978.

Defendant was charged with (1) sale of 3, 4 methylenedioxy amphetamine (MDA) on 8 February 1975, (2) possession of MDA with intent to sell on 8 February 1975, (3) sale of MDA on 14 February 1975, and (4) possession of MDA with intent to sell on 14 February 1975.

Defendant was found guilty of simple possession of MDA and not guilty of sale of MDA on 8 February 1975, and guilty of

possession of MDA and guilty of sale of MDA on 14 February 1975.

Defendant appeals from a consolidated judgment imposing imprisonment as a committed youthful offender for a maximum term of 18 months.

## SUMMARY OF STATE'S EVIDENCE

Earnest F. Casey, Jr., age 20, in December 1974, began coaching a church basketball team. Defendant, age 17, was a member of the team. They had known each other for many years. In late January 1975, Casey met S.B.I. Agent Adcox and agreed to work undercover as a drug agent, without pay except expenses. He wanted to become a law enforcement officer. He twice asked defendant if he knew where he could get some drugs. On 7 February he telephoned defendant and asked about getting drugs from him. Defendant agreed to do so. Casey and S.B.I. Agent Adcox met defendant. They had a conversation about MDA. Defendant said he had no MDA but could get some. Casey and Agent Adcox went to defendant's home the following day, where defendant sold MDA to the Agent for $35.00.

On 14 February, Casey called defendant who agreed to meet Casey and S.B.I. Agent Adcox at a parking lot. There defendant sold MDA to the Agent for $45.00.

On cross-examination, Casey testified that he did not try to get the defendant to buy drugs for him; that he asked defendant only twice if he knew where he (Casey) could buy drugs; that he did not offer defendant any money; that he did not buy drugs from defendant but merely set up the transaction for S.B.I. Agent Adcox by a telephone call to defendant on 7 February.

## SUMMARY OF DEFENDANT'S EVIDENCE

Defendant testified that Casey asked him and other members of the church on many occasions to get drugs for him. Defendant often called him at his home and visited him there. Defendant told Casey he had no drugs at first, but after Casey persisted he agreed to buy drugs for them because Casey was his friend and basketball coach. Agent Adcox gave him the money and he bought the MDA for him.

Defendant's father and mother testified that Casey made many telephone calls to their son and often came to the house to visit him. They encouraged their son to associate with Casey but later their son refused to be involved with Casey and would not return his calls.

*Attorney General Edmisten by Assistant Attorney General James Peeler Smith for the State.*

*Robert M. Davis for defendant appellant.*

CLARK, Judge.

[1]    Defendant assigns as error the denial of his motion for non-suit, contending that the evidence established entrapment as a matter of law and relying on *State v. Stanley,* 288 N.C. 19, 215 S.E. 2d 589 (1975).

This Court in *State v. Braun,* 31 N.C. App. 101, 228 S.E. 2d 466, *app. dismissed,* 291 N.C. 449, 230 S.E. 2d 766 (1976), held that the burden of proving entrapment to the satisfaction of the jury was on the defendant and does not contravene the decision of *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed. 2d 508 (1975), or of *State v. Hankerson,* 288 N.C. 632, 220 S.E. 2d 575 (1975), *reversed on other grounds,* 429 U.S. 815, 97 S.Ct. 2339, 53 L.Ed. 2d 306 (1977).

In *Stanley, supra,* the ruling was based on the State's uncontradicted evidence, corroborated by the defendant's evidence. In the case *sub judice,* the entrapment evidence is conflicting. The entrapment issue was raised when the case was before this court in *State v. Board,* 29 N.C. App. 440, 224 S.E. 2d 650 (1976), where the evidence relating to the issue was substantially the same as that on retrial. This Court ordered a new trial for error in jury instructions. At the original trial and retrial the entrapment issue was a question of fact for the jury to determine, and at both trials the determination was against the defendant. We find no error. The court can find entrapment as a matter of law only where the undisputed evidence and inferences compel a finding that the defendant was lured by the officer, or agent of the officer, into an action he was not predisposed to take. *State v. Stanley, supra.*

[2]    Defendant argues that the jury verdict, guilty of possession of MDA on 8 February 1975, was repugnant and should have been

set aside. It is noted that defendant testified on that occasion that he was merely acting as agent for S.B.I. Agent Adcox, who gave him money and asked defendant to buy the drugs for him. The jury could have based its verdict on this testimony. It is not required that the verdict be consistent; therefore, a verdict of guilty of a lesser degree of the crime when all the evidence points to the graver crime, although illogical and incongruous, or a verdict of guilty on one count and not guilty on the other, when the same act results in both offenses, will not be disturbed. 4 Strong's N.C. Index 3d, Criminal Law, § 124.5.

[3]  Defendant makes the double-barrelled argument that the court erred in allowing counsel for the State during argument to read to the jury portions of G.S. 90-89 relating to Schedule I drugs, and in refusing to allow defense counsel to read portions of the decisions in *Sherman v. United States,* 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed. 2d 848 (1958), and in *State v. Stanley, supra.* Defense counsel wanted to read some of the evidence recited in the decisions. Wide latitude is allowed in argument, and counsel may argue to the jury the law and the facts and all reasonable inferences to be drawn therefrom, but counsel may not argue the facts of other cases to the jury. *State v. Spence,* 271 N.C. 23, 155 S.E. 2d 802 (1967); 12 Strong's N.C. Index 3d, Trial, § 11. Counsel may in argument to the jury read or state to the jury a statute or other rule of law relevant to the case. *State v. Britt,* 285 N.C. 256, 204 S.E. 2d 817 (1974).

[4]  In the first trial of this case the court's judgment in one case provided for four weekend jail sentences, and the others were consolidated and sentence suspended and defendant placed on probation. On retrial the judgment imposed a maximum term of 18 months as a committed youthful offender. Defendant argues that the trial court did not have authority to impose a more severe sentence upon retrial. We do not agree. In the case *sub judice* the trial judge found defendant had an intervening conviction of possession of marijuana, and this finding appears in the record on appeal and in the Judgment and Commitment. *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed 2d 656 (1969), held that when a judge imposes a more severe sentence upon retrial the reasons for doing so must appear affirmatively in the record to support the severer sentence. The fact that defendant after his original conviction and before retrial was convicted

of another drug offense fully justified the more severe sentence imposed in the case before us.

We have carefully considered defendant's other assignments of error and find them to be without merit. The defendant had a fair trial free from prejudicial error.

No error.

Judges PARKER and ERWIN concur.