STATE OF NEBRASKA, APPELLEE, V.
FRANK ANTHONY LAMPONE, JR., APPELLANT.

287 N. W. 2d 442

Filed January 15, 1980. No. 42723.

S. J. Albracht of Lathrop Albracht & Swenson, for appellant.

Paul L. Douglas, Attorney General, and Jerold V. Fennell, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

Defendant was charged on two counts of delivery of a controlled substance. He was found guilty by a jury on both counts and sentenced to 2 years probation on each count, the sentences to run concurrently.

By stipulation the defendant admitted that he delivered the controlled substances involved in counts I and II at the times and places alleged, but denied the delivery was made knowingly and intentionally, and raised the defense of entrapment.

The evidence for the State established that on June 13, 1978, the defendant offered to sell pills to Richard Fay, gave him one pill to try, and told Fay that he would stop at Fay's house that evening. That evening the defendant came to Fay's house, brought several hundred pills with him, and asked Fay to try some. Defendant told Fay the prices for various pills, told him to see if anyone was interested in buying them, and left the pills with Fay.

The next day Fay returned the pills to defendant

and told him that Fay thought the pills had been stolen from a local drugstore. Defendant admitted they had been and took them back. Sometime later Officer Nichols of the Norfolk city police department, who was investigating a drugstore burglary, was advised by Fay that Fay believed the defendant had some of the stolen drugs that Officer Nichols was searching for.

On June 16, 1978, Officer Nichols asked Fay to make arrangements for an undercover agent to be introduced to the defendant to make a drug buy from him. Fay was to receive $100 if the defendant made a sale to the undercover agent.

On the evening of June 16, 1978, Fay went to defendant's house, told the defendant he had a friend who was interested in the pills, and told the defendant that it was safe. Officer Fosmer, an undercover agent of the Nebraska State Patrol, arrived at the defendant's house driving an unmarked car. Fay introduced the undercover agent to the defendant and the defendant suggested that they drive to a place out of town. The defendant and Fay drove in the defendant's van and the undercover agent followed in his car. They parked off a gravel road. The undercover agent got into the back of defendant's van with the defendant. Fay stayed in the front seat and took no part in the negotiations. The defendant showed Officer Fosmer pills, discussed prices, and sold him packets of capsules and tablets for $150. Fosmer gave defendant three $50 bills. Fosmer left and the defendant gave Fay $40. Later Fay received the $100 agreed upon from the officer.

The State's evidence as to the facts and circumstances surrounding the sale of drugs by the defendant on June 16, 1978, is uncontradicted. The defendant attacked the credibility of the State's witnesses on cross-examination, but the defendant did not testify.

The jury found the defendant guilty on both counts

and he was sentenced to 2 years probation.

Defendant complains that the District Court failed to give the standard jury instruction on entrapment, NJI 14.34, which refers to improper inducement by "a law enforcement officer (acting directly or through an agent)." Instead instruction No. 7 limited the individuals who might have induced the defendant to act to Officer James Fosmer and the state witness, Richard Fay. The contention is that it was improper to exclude Officer Nichols.

Where a person has no previous intent or purpose to violate the law, but does so only because he is induced to commit the act by law enforcement officers or agents, he is entitled to the defense of entrapment. But where a person already has the readiness or willingness to violate the law, the fact that an officer or agent provides a favorable opportunity for the violation does not constitute entrapment. State v. Gurule, 194 Neb. 618, 234 N. W. 2d 603.

NJI 14.34 is phrased in terms of "improper" inducement. However, law enforcement officers are not precluded from utilizing artifice and stratagem, such as the use of decoys or undercover agents, to apprehend a person engaged in a criminal enterprise, provided that they merely afford opportunities or facilities for the commission of an offense by one already predisposed or ready to commit it.

The instruction given, as well as NJI 14.34, placed the burden on the State to prove beyond a reasonable doubt that defendant was not improperly induced to commit any unlawful conduct. Under the tests previously approved by this court, the evidence established that defendant was not induced but was predisposed and ready to commit the acts charged, and was merely afforded an opportunity to do so. Under the "objective" test now adopted by some courts, the evidence also established that the conduct of Fay and the law enforcement officers in this case was not reprehensible as a matter of public

policy and would not have induced an ordinary law-abiding citizen to do what the defendant did. Under any accepted test, the evidence was insufficient to entitle the defendant to the defense of entrapment in this case.

Instruction No. 7 as given omitted portions of NJI 14.34, and altered other portions. The trial court refused to add the name of Officer Nichols to those of Fay and Fosmer on the ground that Officer Nichols had no direct contact with the defendant. NJI 14.34 applies, by its terms, to a law enforcement officer acting directly by himself or indirectly through an agent. The instruction on entrapment given in this case was erroneous, although that error was not prejudicial under the circumstances here. Ordinarily where the defense of entrapment is properly raised and an entrapment instruction is given by the trial court, the instruction should be in the form of NJI 14.34, although the names of law enforcement officers or agents may be added or other pertinent alterations made where appropriate.

Finding no prejudicial error the judgment is affirmed.

AFFIRMED.

WHITE, J., concurring.

I concur. The evidence did not require the submission of the entrapment instruction.