STATE OF NEBRASKA, APPELLEE, V. ROBERT W. PEARSON, APPELLANT.

338 N.W.2d 445

Filed September 23, 1983. No. 83-048.

Anthony S. Troia, for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, JJ., and GRANT, D.J.

HASTINGS, J.
Following a jury trial, the defendant was convicted

of the Class III felony offense of delivering cocaine. He was sentenced to a term of imprisonment in an institution under the jurisdiction of the Department of Correctional Services for a period of not less than 5 nor more than 10 years.

He has appealed to this court, assigning as error the admission of certain tapes of telephone conversations and the excessiveness of the sentence. We affirm.

Critical to the conviction of the defendant were two tape recordings of telephone conversations between the defendant and Paul R. Wagner, supervisor with the State Patrol drug division. Wagner testified in substance that he was acquainted with the defendant; that during the 3 or 4 months preceding the calls in question he had approximately 20 phone conversations and 6 personal meetings with the defendant; that he was familiar with his voice; that during the particular calls with which we are concerned Wagner either asked for the defendant or made sure that it was the defendant to whom he was talking by asking, "Is this Bobby?"; and that he was able to identify the voice recorded on the two cassettes as that of the defendant.

For a tape recording of a telephone conversation between a witness and a defendant to be admissible in evidence, it need only be shown that the conversation is relevant; that it accurately reflected the conversation; that the tapes had not been altered, changed, or erased in any way; and that the voices heard on the tapes were those of the witness and the defendant. *State v. Myers*, 190 Neb. 146, 206 N.W.2d 851 (1973).

The defendant also complains that it was prejudicial error to admit the recordings because they contained some obscene language used by the defendant. "The trial court is certainly not required to protect the defendant from his own unfortunate choice of language. The use of profane or obscene language in an otherwise admissible statement or

conversation does not destroy the nature and meaning of the statement nor make it inadmissible." *State v. Lynch*, 196 Neb. 372, 376, 243 N.W.2d 62, 65 (1976).

The maximum sentence permitted by law in the case of a Class III felony is imprisonment for 20 years. The sentence imposed in this case was well within that limitation. A sentence imposed within statutory limits will not be disturbed on appeal in the absence of a showing of an abuse of discretion. *State v. Sims*, 213 Neb. 708, 331 N.W.2d 255 (1983). No abuse of discretion appears here.

The judgment and sentence of the District Court are affirmed.

AFFIRMED.