STATE OF NEBRASKA, APPELLEE, V. FRANK A. SWENSON, APPELLANT.

352 N.W.2d 149

Filed July 6, 1984.   No. 83-822.

Dennis R. Keefe, Lancaster County Public Defender, and Sean J. Brennan, for appellant.

Paul L. Douglas, Attorney General, and Mark D. Starr, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

A Lancaster County jury found Frank A. Swenson guilty of knowingly delivering or dispensing a controlled substance, marijuana, in violation of Neb. Rev. Stat. § 28-416(1)(a) (Cum. Supp. 1982). The district court sentenced Swenson to 14 months' probation. Swenson appeals, and we affirm.

In the evening of February 16, 1982, a Lincoln undercover police officer and a female confidential informant drove to an arcade, Bogie's Game Room, to make a drug purchase from a specific supplier. The informant went inside the arcade, while the officer waited in the car. In the arcade the informant did not find the prospective supplier but did telephone that supplier. The informant returned to the officer's car and reported that the supplier "would be there within a few minutes, to wait."

While the officer and the informant were awaiting arrival of the supplier, Swenson approached the officer's car and asked whether the officer was "the party looking for a bag" of marijuana. When the officer answered affirmatively to Swenson's inquiry,

Swenson went toward the arcade and returned shortly thereafter with a bag of marijuana. The officer gave Swenson $40 in exchange for the marijuana. The officer then told Swenson that he was looking for at least a "quarter of a pound" of marijuana. Swenson again went to the arcade, returned to the officer's car, and said "nothing was available but maybe in a few days." The officer and the informant left Swenson. Sometime later, Swenson was arrested for the sale and delivery of marijuana to the officer.

Swenson testified he was on his way home from the arcade gameroom when he saw the informant sitting in the officer's car. Swenson further testified that he had known the informant for approximately 7 years. The informant waved, and Swenson went to the officer's car. After a short conversation with Swenson about her new hair style, the informant asked Swenson if he could obtain some marijuana for the officer. There was no additional conversation about marijuana involving Swenson. Swenson left the car and later returned with a bag of marijuana. In his testimony Swenson stated that if the informant had not beckoned, he would have gone home from the gameroom and would not have sold the marijuana to the officer.

The trial court refused Swenson's tendered instruction on entrapment. Such refused instruction is the subject of Swenson's first assignment of error.

Entrapment is governmental inducement of one to commit a crime not contemplated by the individual in order to prosecute that individual for commission of a criminal offense. See, *State v. Braun*, 31 N.C. App. 101, 228 S.E.2d 466 (1976); *Simmons v. State*, 8 Md. App. 355, 259 A.2d 814 (1969).

Entrapment occurs when the criminal intent or design originates with governmental officials who implant in the mind of an innocent person the disposition to commit a criminal offense and induce criminal conduct in order to prosecute the criminal of-

fense so induced. See, *Sorrells v. United States*, 287 U.S. 435, 53 S. Ct. 210, 77 L. Ed. 413 (1932); *State v. Hochman*, 2 Wis. 2d 410, 86 N.W.2d 446 (1957); *United States v. Wolffs*, 594 F.2d 77 (5th Cir. 1979).

However, entrapment is condemned on account of some misuse of power or impropriety by the state charged with protecting against, not promoting, criminal activity. By injecting a criminal intent where none existed in an individual, the state becomes an instigator of and an accomplice in the activity prohibited by the state's criminal code. In such cases the real culprit is the state rather than the individual accused of violating state law. Our jurisprudence denounces prosecution produced by governmental origination of the very activity to be prevented by law enforcement. As expressed by Justice Holmes in *Olmstead v. United States*, 277 U.S. 438, 470, 48 S. Ct. 564, 72 L. Ed. 944 (1928) (dissenting): "[F]or my part I think it a less evil that some criminals should escape than that the Government should play an ignoble part."

After *Sorrells* the U.S. Supreme Court held in *Sherman v. United States*, 356 U.S. 369, 372, 78 S. Ct. 819, 2 L. Ed. 2d 848 (1958): "To determine whether entrapment has been established, a line must be drawn between the trap for the unwary innocent and the trap for the unwary criminal." The test evolving from *Sorrells* and *Sherman* is the "origin of intent" test to determine entrapment. See, *Hawthorne v. State*, 43 Wis. 2d 82, 168 N.W.2d 85 (1969); *State v. Nelsen*, 89 S.D. 1, 228 N.W.2d 143 (1975). Nebraska has adopted the "origin of intent" test for entrapment. In *State v. Lampone*, 205 Neb. 325, 328, 287 N.W.2d 442, 444 (1980), we held: "Where a person has no previous intent or purpose to violate the law, but does so only because he is induced to commit the act by law enforcement officers or agents, he is entitled to the defense of entrapment." See, also, *State v. Smith*, 187 Neb. 511, 192 N.W.2d 158

(1971); *State v. Ransburg*, 181 Neb. 352, 148 N.W.2d 324 (1967).

Under the "origin of intent" test, entrapment consists of two elements: (1) The government has induced the defendant to commit the offense charged; and (2) The defendant's predisposition to commit the criminal act was such that the defendant was not otherwise ready and willing to commit the offense on any propitious opportunity. See, *United States v. Glassel*, 488 F.2d 143 (9th Cir. 1973); *United States v. Glaeser*, 550 F.2d 483 (9th Cir. 1977). In the "origin of intent" test the ultimate focus is on the defendant's predisposition to commit the crime for which the government prosecutes. See, *United States v. Principe*, 482 F.2d 60 (1st Cir. 1973); *United States v. Glaeser*, *supra*.

Entrapment is an affirmative defense in a criminal proceeding. See, *State v. Braun*, *supra*; *State v. Hsie*, 36 Ohio App. 2d 99, 303 N.E.2d 89 (1973); *People v McGee*, 49 N.Y.2d 48, 399 N.E.2d 1177, 424 N.Y.S.2d 157 (1979); cf. *State v. Ransburg*, *supra* (entrapment is "in the nature of an affirmative defense"). The defense of entrapment is raised by and contained in the defendant's plea of not guilty. See, *Sorrells v. United States*, *supra*; *State v. Hsie*, *supra*; *State v. Nelsen*, *supra*.

When a defendant raises the defense of entrapment, the court must determine whether the defendant has presented sufficient evidence to warrant submitting to the jury the issue of entrapment. See, *State v. Parks*, 212 Neb. 635, 324 N.W.2d 673 (1982); *United States v. Wolffs*, *supra*. Therefore, it is the initial duty of the court to determine as a matter of law whether there is sufficient evidence that the government has induced the defendant to commit a crime. See, *Notaro v. United States*, 363 F.2d 169 (9th Cir. 1966); *Smith v. United States*, 390 F.2d 401 (9th Cir. 1968); *United States v. Glaeser*, *supra*; *United States v. Glassel*, *supra*. In order to submit the defense of entrapment to the jury, a defendant's

evidence of entrapment must be "more than a scintilla." See, *State v. Parks, supra; United States v. Wolffs*, 594 F.2d 77 (5th Cir. 1979). To be more than a scintilla, evidence cannot be vague, conjectural, or the mere suspicion about the existence of a fact, but must be real and of such quality as to induce conviction. See, *State v. Zamora*, 6 Wash. App. 130, 491 P.2d 1342 (1971); *State v. Powell*, 299 N.C. 95, 261 S.E.2d 114 (1980); *P.L.R.B. v. Kaufmann Dept. Stores, Inc., Aplnt.*, 345 Pa. 398, 29 A.2d 90 (1942); *Wigginton's Adm'r v. Louisville Railway Co.*, 256 Ky. 287, 75 S.W.2d 1046 (1934).

The crucial question is, Did Swenson present sufficient evidence to require a jury to decide whether the undercover police officer induced the sale of marijuana?

The lone fact that an undercover police officer, personally or through an informant, offers to purchase or obtain marijuana is not an inducement to commit a crime resulting in the availability of entrapment as a defense for the seller of the marijuana. See, *Hawthorne v. State*, 43 Wis. 2d 82, 168 N.W.2d 85 (1969); *State v. Nelsen*, 89 S.D. 1, 228 N.W.2d 143 (1975); *People v Margaret Jones*, 48 Mich. App. 334, 210 N.W.2d 396 (1973). An undercover police officer's merely affording the defendant a favorable opportunity for commission of a crime already conceptualized in the accused is not entrapment. See, *State v. Lampone*, 205 Neb. 325, 287 N.W.2d 442 (1980); *State v. Nelsen, supra; State v. McGranahan*, 206 N.W.2d 88 (Iowa 1973); cf. *United States v. Glaeser, supra* (federal officers made initial contact; held, no entrapment).

Even accepting Swenson's version of the facts, the informant's inquiry about availability of marijuana was not a sufficient inducement to raise the defense of entrapment. Inquiry alone is not a lure into criminal activity and does not supply the degree of persuasion necessary for entrapment. The beckon to Swenson, accompanied by inquiry about marijuana,

did not constitute an inducement—an implantation of criminal intent in the mind of Swenson. Swenson's skeletal evidence of entrapment was no more than a scintilla of evidence. In the final analysis there was insufficient evidence presented indicating impermissible police persuasion to commit a crime. Additionally, the absence of persuasive efforts by the informant or officer and Swenson's immediate responsive production of marijuana without extensive persuasion demonstrated that Swenson was acting of his own voluntary predisposition to supply marijuana on request. The necessary conclusion is that the genesis of the criminal intent was in Swenson's mind, not in the mind of the officer. The trial court was correct in determining as a matter of law that the defense of entrapment could not be submitted to the jury.

In his second assignment of error Swenson contends he should have been allowed to testify about events occurring after the sale of marijuana. Swenson offered to prove that, after Swenson's sale of marijuana to the officer, the informant who had accompanied the officer on the night of the sale had sought to buy other controlled substances. Swenson refused such subsequent requests by the informant.

Rule 401 of the Nebraska Evidence Rules provides: "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Neb. Rev. Stat. § 27-401 (Reissue 1979).

We have already concluded that entrapment is a defense, not an element of the crime charged. Bearing in mind that entrapment is a defense consisting of conjunctive elements—governmental inducement to commit a crime and a lack of criminal predisposition in the defendant—Swenson failed to present sufficient evidence of an inducement. The defense of entrapment suggested by Swenson was,

therefore, unavailable. In such posture without the defense of entrapment, the case against Swenson was complete and concluded with the occurrences on the night when Swenson sold marijuana to the officer. Consequently, absent the inducement required for entrapment, any postsale contacts between Swenson and the informant or officer were irrelevant in establishing commission of the crime charged, namely, that Swenson unlawfully and knowingly delivered marijuana to the officer on the night in question. The trial court was correct in refusing Swenson's offer of proof and any evidence of postsale contacts with Swenson under the circumstances.

The judgment of the district court is correct and is affirmed.

AFFIRMED.

CAPORALE, J., participating on briefs.